**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4682

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER M. BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.   (3:03-cr-00394-JRS)

Submitted:  October 29, 2007          Decided:  November 8, 2007

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirm by unpublished per curiam opinion.

Edwin F. Brooks, EDWIN F. BROOKS, L.L.C., Richmond, Virginia, for Appellant.   Chuck Rosenberg, United States Attorney, Roderick C. Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Brown appeals the sentence he received after we remanded his case for resentencing under United States v. Booker, 543 U.S. 220 (2005). Brown was convicted by a jury of conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. § 1962(d) (2000), and conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000). Initially, he received a 324-month sentence of imprisonment. Brown appealed his convictions and sentence. See United States v. Batts, 2006 WL 712758 (4th Cir.) (unpublished), cert. denied, 127 S. Ct. 160 (2006). We affirmed his convictions, but reversed his sentence and remanded to the district court for resentencing under the advisory guidelines in light of Booker. Brown appeals from resentencing, challenging the district court's application of the enhancement under 21 U.S.C. § 841 (2000) to his sentence. Finding no reversible error, we affirm.

On remand, Brown challenged for the first time the application of the armed career criminal sentencing enhancement under § 841 to his sentence. Brown objected to the use of the prior conviction listed in the Government's 21 U.S.C.§ 851 (2000) notice as a predicate offense, arguing it was invalid for purposes of the enhancement. Brown contended the use of the prior conviction was improper because the prior offense was related to

his current conspiracy conviction and his guilty plea to the prior conviction was involuntary.  The district court overruled Brown's objection and resentenced him to 240 months' imprisonment—the alternate sentence it had announced at the original sentencing.

Brown first argues on appeal that the district court erred in applying the § 841(b)(1)(A) enhancement to his sentence because the factual basis for the prior conviction was introduced at trial as evidence in the Government's case and was thus related to the conspiracy.  We find the district court did not err in enhancing Brown's sentence because a conviction occurring during the course of a conspiracy can form the basis for a sentencing enhancement in a prosecution of the conspiracy.  See United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997).  The Government presented substantial evidence that Brown engaged in the conspiracy even after his February 2000 conviction became final.  Brown's continued participation in the conspiracy after his prior drug conviction "is precisely the type of recidivism to which section 841 is addressed."  See id.

Brown next argues the prior conviction used to enhance his sentence was unconstitutional because his guilty plea on the prior conviction was involuntary. We find the record shows Brown's guilty plea was knowing and voluntary, and thus was not unconstitutional.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED